**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CHRISTIAN ORION RUSS,

Petitioner,

v.

WARDEN CARTER,

Respondent.

Civil Action No.: PX-23-3521

**MEMORANDUM ORDER**

Petitioner Christian Orion Russ, a federal inmate, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he asks this Court to direct the Warden at the federal facility where he was imprisoned to apply federal time credits to his sentence. ECF No. 1. The Warden, in turn, moves to dismiss the Petition or for summary judgment to be granted in her favor. ECF No. 8. After full review, the Court finds that no hearing is necessary. Rules 1(b), 8, *Rules Governing Section 2254 Cases in the United States District Courts*; D. Md. Local R. 105.6 (2025). For the reasons discussed below, the Court will grant the Warden's motion and dismiss the Petition.

Russ served a 67-month prison term for possessing a firearm after having sustained a felony conviction, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). ECF No. 8-1 at ¶ 3. His projected release date was August 26, 2024. *Id.* at ¶ 4. Although Russ could earn credits under the First Step Act ("FSA"), those credits could not reduce his overall sentence because his Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") score places him in the "high-risk" category, principally because he has 40 criminal history points. *Id.* at ¶¶ 5-7.

On August 17, 2023, the Warden explained to Russ in writing that Russ could not receive an "exception review" of the PATTERN score because Russ did not have "clear conduct" for a three-year period and his offense was considered a crime of violence. *Id.* at ¶ 10. Russ challenges the decision to deny him application for his credits because of the high PATTERN score. ECF No. 1 at 7. Russ emphasizes that while incarcerated, he received his paralegal certificate and has not amassed infractions, and thus this Court should order the Warden to apply his FSA credits to reduce his prison term. *Id.*

Pursuant to the FSA, inmates may earn early release credits for participation in certain programming. *See Torok v. Beard*, No. CV PX-21-1864, 2022 WL 2703836, at *1 (D. Md. July 12, 2022); *Llufrio v. Johns*, No. 5:19-CV-122, 2020 WL 5248556, at *2 (S.D. Ga. Aug. 13, 2020); *see also* 18 U.S.C. § 3621(h). The FSA assigns to the Attorney General the development of a Risk and Needs Assessment System ("the System") which aims to measure an inmate's risk of recidivism, and risk of future violence or serious misconduct. *See* 18 U.S.C. § 3632. The System includes the provision of evidence-based recidivism reduction programs appropriate for each inmate and availability of incentives or rewards upon successful completion of such programming. *See* § 3632(a). *See also Kurti v. White*, No. 1:19-CV-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)). Eligible inmates who successfully complete programming receive earned time credits ("ETCs") to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). However, ETCs are applied only if the inmate scores either a minimum or low "risk" of recidivism under PATTERN. *See The First Step Act of 2018: Risk and Needs Assessment System—UPDATE*, Jan. 2020, available at https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system-updated.pdf (last visited Sept. 3, 2026).

The PATTERN assessment considers fifteen static and dynamic factors including: (1) age of inmate, (2) any infraction convictions during current incarceration, (3) serious and violent infraction convictions during current incarceration, (4) whether the inmate is free of any infractions, (5) whether the inmate is free of any serious and violent infractions, (6) program completions, (7) work programming, (8) drug treatment while incarcerated, (9) noncompliance with financial responsibility, (10) currently incarcerated on violent offence, (11) sex offender (Walsh) status, (12) criminal history score, (13) history of violence, (14) history of escapes, and (15) education score. *U.S. Dep't of Justice, 2020 Review and Revalidation of the First Step Act Risk Assessment Tool*, 2021, at 12-13, available at https://www.ojp.gov/pdffiles1/nij/256084.pdf (last visited Sept. 3, 2026). Based on the PATTERN score, the inmate is placed in one of four "risk of recidivism" categories: minimum, low, medium, or high. *Id.*; *see also* Male Pattern Risk Scoring, available at https://www.bop.gov/inmates/fsa/docs/male_pattern_form.pdf (last visited Sept. 3, 2026).

Although ETCs cannot be applied toward sentence reduction if the inmate scores as medium or high risk, an inmate may petition the Warden at the facility to apply ETCs toward transfer to prerelease custody or supervised release. 18 U.S.C. § 3624(g)(1)(D)(i)(II). The Warden may grant such relief upon finding that the inmate (1) would not be a danger to society if transferred; (2) has made "a good faith effort to reduce their recidivism risk" by participating in available programs; and (3) is unlikely to recidivate. *Id.* The Bureau of Prisons Program Statement 5410.01 allows an inmate to file such a petition with the Warden as part of the inmate's program review. *See* BOP P.S. 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d), available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Sept. 3, 2026).

As of March 2, 2024, Russ had earned 280 FSA credits. ECF No. 8-1 at ¶ 8. Nothing in the record suggests that Russ formally sought an exception from the Warden. Nonetheless, even if the Court construes his correspondence with the Warden as satisfying this request, the Warden denied relief because of the nature of the offense and Russ' disciplinary history. Although Russ is understandably dissatisfied with the outcome, mere disagreement does not alone entitle him to relief. *See Green v. Hudson*, No. 23-3141, 2024 WL 960497, at *4 (10th Cir. Mar. 6, 2024) (unreported) (holding that the BOP's inclusion of static factors in PATTERN did not deprive inmates of a "meaningful opportunity to reduce their classification during the period of incarceration").

Nor can the Court find any other basis by which Russ could challenge the legitimacy of the declination to apply his earned-time credits to reduce his sentence. *Cf. Purdy v. Carter,* No. CV BAH-24-582, 2024 WL 4651275, at *4 (D. Md. Nov. 1, 2024) (rejecting challenge to denial of time credit application based on risk score as violating the Administrative Procedures Act and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution); *Cochran v. United States*, No. CV SAG-24-2082, 2025 WL 2418541, at *7 (D. Md. Aug. 21, 2025) (rejecting variety of constitutional, statutory, and common law claims arising from BOP denial of application of ETCs).

Accordingly, and for the above-stated reasons, it is this 17th day of September 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 8) IS GRANTED;
2. The Petition for Writ of Habeas Corpus IS DISMISSED;

3. The Clerk SHALL PROVIDE a copy of this Order to Russ and counsel of record; and

4. SHALL CLOSE this case.

/s/
Paula Xinis
United States District Judge